# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

ROBERT PHILIP GILBERT,

    Petitioner,

-vs-                                                    Case No.  8:13-CV-2831-T-30TBM

PAMELA JO BONDI, ATTORNEY
GENERAL OF THE STATE OF
FLORIDA, et al.,

    Respondents.
_____/

## ORDER

Petitioner filed a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("petition") (Dkt. 1) in the United States District Court for the Eastern District of Washington, the jurisdiction in which Petitioner is presently confined.  The action was transferred to this district because Petitioner seeks removal of a detainer lodged against him by the State of Florida.  Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts provides, in part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Upon consideration of the petition, the Court concludes that the petition must be dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases, because Petitioner is not entitled to any habeas relief.

According to the petition, in 1997 or 1998, Petitioner was convicted and sentenced in Pinellas County, Florida, to two-years probation for uttering a forged instrument. The Court takes judicial notice of information available November 6, 2013, on the database maintained by the Clerk of the Court, Sixth Judicial Circuit, Pinellas County, Florida, http://www.pinellasclerk.org, which indicates, in pertinent part, that on December 11, 1998, an affidavit of violation of probation was filed in Petitioner's criminal case. See Fed. R. Evid. 201. The Court also takes judicial notice of information contained on the Florida Department Of Corrections Offender Information Network stating, in pertinent part, that Petitioner's "Current Status" is "Absconder/Fugitive." Therefore, it is apparent that Petitioner violated the conditions of his probation, and is facing the revocation of his probation in Florida after his release from incarceration in Washington.

Petitioner is not entitled to federal habeas relief. First, federal habeas relief is available to correct only violations of the United States' constitution, laws, or treaties. 28 U.S.C. § 2254(a); *Swarthout v. Cooke*,    U.S.   , 131 S. Ct. 859, 861 (2011) ("The habeas statute unambiguously provides that a federal court may issue a writ of habeas corpus to a state prisoner only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.") (internal quotations and citations omitted). The petition fails to allege the violation of a constitutional right, or the laws or treaties of the United States.

Second, even if the petition could be liberally construed as asserting that Petitioner's right to a speedy trial was violated because his requests to be extradited to Florida for a

hearing on the probation violation have not been granted, the claim does not warrant relief. The Sixth Amendment right to a speedy trial does not apply to probation revocation hearings. *Cf. Moultrie v. Georgia*, 464 F.2d 551, 552 (5th Cir. 1972) ("the right to a speedy trial is not applicable to parole revocation proceedings. . .and. . .where a person has committed a crime in another state, has been convicted, and is incarcerated in that state, it is not unconstitutional to delay the parole revocation hearing until expiration of that later sentence.").

Third and finally, to the extent the petition may be liberally construed as raising a claim that Respondents violated Petitioner's rights under the Interstate Agreement on Detainers Act ("IADA") by failing to execute his detainer and timely resolve the pending probation violation charge following his requests that the charge be resolved,[1] the claim fails because the IADA is inapplicable to detainers based on probation violation charges. *See Carchman v. Nash*, 473 U.S. 716, 725-28 (1985). *See also Miranda v. United States Marshal*, 2009 U.S. Dist. LEXIS 81760, at *6 (S.D. Fla. July 13, 2009) ("no right to a speedy revocation hearing under the IAD[A]").

ACCORDINGLY, it is **ORDERED** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DENIED.**

2. The **Clerk** shall terminate all pending motions and close this case.

---

[1] "The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions." *Hunter v. Samples*, 15 F.3d 1011, 1012 (11th Cir. 1994). Under the IADA, if a prisoner requests final disposition of charges pending in any other state, then the receiving state must bring him to trial within 180 days of his request for disposition of the charges or dismissal of those charges will result. *See United States v. Mauro*, 436 U.S. 340, 351-354 (1978).

**CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL
IN FORMA PAUPERIS DENIED**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability. Petitioner has no absolute entitlement to appeal the denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, this Court must first issue a certificate of appealability ("COA"). Id. "A [COA] may issue … only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n. 4 (1983)). Petitioner cannot make the requisite showing in these circumstances.

Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Tampa, Florida on November 6, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA: sfc
Copy to: Petitioner *pro se*

4